UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH McCANN, et al.,

                  Plaintiffs,

v.

CITY OF DETROIT and
ROBERT NILL,

                  Defendants.
_____/

Case No. 2:18-cv-13495
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

**<u>ORDER (1) DEEMING RESOLVED IN PART, GRANTING IN PART and DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY, EXTEND DISCOVERY AND FOR RULE 37 SANCTIONS FOR FAILURE TO PERMIT DISCOVERY (ECF 30); (2) DENYING AS MOOT DEFENDANTS' MOTION FOR PROTECTIVE ORDER (ECF 21); and, (3) STRIKING THE STATEMENTS OF RESOLVED AND UNRESOLVED ISSUES (ECFs 38, 39)</u>**

**A.    Introduction**

Plaintiff, individually and on behalf of two minors, filed the instant lawsuit against the City of Detroit and one of its police officers, Robert Nill, based upon the alleged events of November 11, 2015, on which date Plaintiff McCann's dog was killed. (ECF 5 ¶¶ 10-41.) Plaintiffs set forth five counts: (1) a Fourth Amendment claim against Defendant Nill; (2) a Fourth Amendment claim against Defendant City of Detroit; (3) a *respondeat superior* claim against Defendant City

1

of Detroit; (4) conversion; and, (5) intentional infliction of emotional distress. (*Id.* ¶¶ 42-84.)

Pursuant to the November 12, 2019 amended scheduling order, the discovery deadline is January 13, 2020. (ECF 34.)

**B.     Pending Matters**

Currently before the Court are: (1) Defendants' September 20, 2019 motion for protective order (ECF 21), regarding which a response and a reply have been filed (ECFs 25, 26); and, (2) Plaintiffs' November 3, 2019 motion to compel discovery, extend discovery and for Rule 37 sanctions for failure to permit discovery (ECF 30), regarding which a response has been filed (ECF 35).

Judge Parker referred these motions to me for hearing and determination, and, ultimately, a hearing was held on December 10, 2019, at which attorneys Diana L. McClain and Michael L. Auten appeared. (ECFs 22, 31, 37.) Upon examination at the beginning of the hearing, counsel admitted that the attorneys had not had a face-to-face, pre-hearing meeting, which is a requirement set forth in my practice guidelines. Moreover, the Court explained why the parties' December 6 and 9, 2019 statements of unresolved issues (ECFs 38, 39) were non-compliant and were, therefore, **STRICKEN**.

The Court recessed so that the parties could conduct an in-person meeting. The hearing reconvened several hours later, by which point the parties had

resolved many aspects of their motions. The parties placed their agreements on the record. As for the unresolved portions of their motions, the Court entertained oral argument on the remaining issues, after which the Court issued its rulings from the bench.

**C.     Order**

   **1.    Plaintiffs' discovery motion (ECF 30)**

In their motion, Plaintiffs requested that the Court order the following relief:

   A.   That defendant' Nill's deposition goes forward and that he is compelled to answer questions regarding his personal life as well as other questions.

   B.   That defense Counsel produce both Lt Gunn and an IT employee for deposition.

   C.   That specific dates for the compelled depositions are listed in any order.

   D.   That defendant is compelled to answer the interrogatories and to produce the requested information within 7 days of any Court order.

   E.   That all dates, including discovery cutoff, are extended sixty (60) days after Defendant is ordered to produce the documents and

   F.   That Plaintiff is awarded reasonable costs and attorney fees

(ECF 30 at 3.)

To the extent the parties placed their stipulations on the record or did not ask for a ruling on a particular discovery request at the hearing, namely regarding the three depositions, the interrogatories and two sets of document requests, these

matters are **DEEMED RESOLVED**.  <u>The Court will enforce any stipulations which were placed on the record, if necessary.</u>  Moreover, for the reasons stated on the record, all of which are incorporated by reference as though fully restated herein, Plaintiffs' motion to compel is **DENIED** as to Interrogatory No. 18, Request to Produce No. 2 (a list of all officers involved in dog shootings) and Request to Produce No. 7 (ECF 30-5 at 8-9, 11), and **GRANTED** as to Request to Produce No. 21 (ECF 30-5 at 14).  As for the second set of discovery requests, Plaintiff's motion to compel is **GRANTED IN PART** as to Request to Produce Nos. 12 and 13 (ECF 30-6 at 5); Defendants shall respond to this question for the period beginning January 1, 2005 and through the date of the alleged incident, November 11, 2015, although any response must include the most recent training / video, even if it is outside of that temporal window.  Answers and responses, whether agreed to by counsel or ordered by the Court, shall be served no later than **Wednesday, January 15, 2019**.  Additionally, Plaintiff's request for an award of reasonable costs and attorney fees is **DENIED**, neither party having fully prevailed.  Fed. R. Civ. P. 37(a)(5)(C).  Finally, although not stated from the bench but upon consideration, Plaintiff's request for an extension of dates is **GRANTED**.  The dates set forth in the November 12, 2019 amended scheduling order (ECF 34) are extended by sixty (60) days, although the parties should contact Judge Parker's chambers for final pretrial conference and trial dates.

## 2. Defendants' motion for protective order (ECF 21)

In their motion for protective order, Defendants requested that the Court enter a protective order that: (1) limited the scope of discovery to information relevant to the claims at issue in this case; (2) prohibited questioning regarding Corporal Nill's family that are unrelated to the claims at issue in this case; and, (3) prohibited questioning regarding Corporal Nill's personal identifying information, including but not limited to his social security number, driver's license number, pension number, and home address. (ECF 21 at 9.)

For the reasons stated on the record, all of which are incorporated by reference as though fully restated herein, Defendants' motion for protective order (ECF 21) is **DEEMED MOOT**.

**IT IS SO ORDERED.**

**Dated:** December 11, 2019        s/*Anthony P. Patti*
                                    Anthony P. Patti
                                    U.S. MAGISTRATE JUDGE